UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

| | |
|---|---|
| WI-LAN USA, INC. and WI-LAN INC. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| RESEARCH IN MOTION LIMITED and | ) |
| RESEARCH IN MOTION | ) |
| CORPORATION | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

This is a complaint for patent infringement. Plaintiffs, Wi-LAN USA, Inc. and Wi-LAN Inc., for their Complaint state as follows:

## PARTIES

1. Plaintiff Wi-LAN USA, Inc. is a corporation existing under the laws of the state of Florida with its principal place of business at 175 S.W. 7th Street, No. 1803, Miami, Florida 33130. Plaintiff Wi-LAN Inc. is a corporation existing under the laws of Canada with its principal place of business at 11 Holland Ave., Suite 608, Ottawa, Ontario, Canada K1Y 4S1. Wi-LAN USA, Inc. is a wholly owned subsidiary of Wi-LAN Inc. Plaintiffs will be collectively referred to herein as "Wi-LAN". Wi-LAN is publicly traded leading technology innovation and licensing company actively engaged in research, development, and licensing of wireless and digital display technologies.

2.      Upon information and belief, Defendant Research In Motion Limited is a corporation organized and existing under the laws of Ontario, Canada with its principal place of business at 295 Phillip Street, Waterloo, Ontario, Canada, N2L 3W8.  Defendant Research In Motion Limited directly or indirectly through subsidiaries or affiliated companies markets, distributes, manufactures, imports, sells, and/or offers to sell consumer electronic products, including mobile phones, tablets, accessories, and associated equipment and software, in this judicial district and throughout the United States.  Upon information and belief, Defendant Research In Motion Limited may have changed its corporate name or may now being doing business as "BlackBerry."

3.      Upon information and belief, Defendant Research In Motion Corporation is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 5000 Riverside Drive, Irving, Texas 75039 and, upon information and belief, a regional place of business in Sunrise, Florida.  Defendant Research In Motion Corporation directly or indirectly through subsidiaries, parents, or affiliated companies markets, distributes, manufactures, imports, sells, and/or offers to sell consumer electronic products, including mobile phones, tablets, accessories, and associated equipment and software, in this judicial district and throughout the United States.  Upon information and belief, Defendant Research In Motion Corporation may have changed its corporate name or may now being doing business as "BlackBerry."

4. Upon information and belief, Defendant Research In Motion Corporation is a wholly owned subsidiary of Defendant Research In Motion Limited and is the managing entity of the United States operations of Defendant Research In Motion Limited. Upon information and belief, Defendant Research In Motion Limited and Defendant Research In Motion Corporation share, at least some, directors and/or officers. Upon information and belief, Defendant Research In Motion Limited exercises operational control over Defendant Research In Motion Corporation.

## JURISDICTION

5. This action for patent infringement arises under the Patent Act, 35 U.S.C. § 271, et seq. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants under Florida Statute § 48.193. Defendants have engaged in business in this judicial district, have at least one office in this judicial district, and have committed or caused tortuous injury in this judicial district. Defendants have also caused injury to persons or property within Florida arising out of acts by Defendants outside this state at about the time Defendants were engaged in solicitation or service activities within Florida and/or products, materials, or things processed, serviced, or manufactured by the Defendants were used or consumed within this state in the ordinary course of commerce, trade, or use. Defendants have additionally engaged in substantial and not isolated activity within this state.

7. Upon information and belief, Defendants have conducted business in this judicial district. Upon information and belief, Defendants have distributed and/or sold and continue to distribute and/or sell large volumes of mobile phones and tablets into this judicial district. Upon information and belief, Defendant Research In Motion Corporation has been registered as a foreign corporation in Florida since 2002 and currently has a registered agent in this judicial district.

8. Upon information and belief, Defendant Research In Motion Limited's website lists two offices in this judicial district located at 1200 Sawgrass Corporate Parkway, Suites 100, 200, Sunrise, Florida 33323 and 13800 Northwest 14th St., Sunrise, Florida 33323. Upon information and belief, between 2005 and 2010, RIM annually hosted an event titled "Wireless Enterprise Symposium," and in 2011 and 2012, RIM hosted an event titled "Blackberry World" in Florida. Upon information and believe, RIM is hosting an event titled "Blackberry Live conference" in May 2013 in Orlando, Florida (information available at http://www.blackberrylive.com/), and will further be hosting an event titled "Blackberry Jam Americas" at that conference (information available at http://www.blackberryjamconference.com/americas/event-info/why-attend).

9. Defendants have stated they made BlackBerry Jam Americas "all about the latest on BlackBerry® 10." Upon information and belief, BlackBerry 10 is used in Defendants' devices that include LTE capability, and these events involve the use, import, sale, and/or offer for sale in Florida of phones with LTE capability.

4

10. Defendants have committed acts of patent infringement within this judicial district. Defendants, directly or through intermediaries, import, manufacture, use, sell and/or offer to sell (including through http://us.blackberry.com) products such as mobile phones with LTE capability, including for example the BlackBerry Z10, in the United States and this district. Upon information and belief, Defendants' products with LTE capability have been used on LTE networks in the United States and elsewhere. For example, Defendants' BlackBerry Z10 has been used on the AT&T LTE network in the United States, including the AT&T LTE network in Florida. Defendants reasonably should have anticipated being subject to suit in this judicial district. Defendants' acts of patent infringement are aimed at this judicial district and/or have effect in this judicial district.

11. Defendants' activities associated with infringement of the '991 Patent have caused injury to Wi-LAN in Florida through injuring Wi-LAN's subsidiary in Florida by damaging the value of Wi-LAN's intellectual property and business in Florida, including its ability to license intellectual property. Upon information and belief, as set forth above, at around or about the time of the injury, Defendants, directly or indirectly, advertised products with LTE capability in Florida and solicited prospective customers in Florida. Further, Defendants sold mobile phones to customers in Florida and provided customer support services to customers in Florida.

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I
## Claim for Patent Infringement of U.S. Patent No. 8,274,991

13. The allegations of paragraphs 1 through 12 are re-alleged as if fully set forth herein.

14. Wi-LAN Inc. is the owner of United States Patent No. 8,274,991 ("the '991 Patent") which duly and legally issued on Sep. 25, 2012. Wi-LAN USA, Inc. holds certain exclusive rights under the '991 Patent, including an exclusive right to license Defendants.

15. The 3rd Generation Partnership Project ("3GPP") LTE technical standard defines a protocol for making uplink bandwidth requests over an LTE network.

16. Defendants make, import, sell, use, and/or offer to sell products such as mobile phones that include LTE capability ("LTE Products") in the United States. An example of an LTE Product is Defendants' Blackberry Z10 mobile phone, which is advertised as including LTE capability (see http://us.blackberry.com/smartphones/blackberry-z10/specifications.html). Upon information and belief, the LTE Products comply with and execute the protocol for making uplink bandwidth requests defined in the 3GPP LTE technical standard.

17. The use of Defendants' LTE Products for uplink transmission over an LTE network results in performing a method for obtaining uplink transmission bandwidth as claimed in the '991 Patent. Upon information and belief, the protocol for making uplink bandwidth requests is a built-in capability that is automatically executed when a user uses Defendants' LTE Products to communicate over an LTE network. Upon information and belief, users of Defendants' LTE Products, including employees, agents, representatives, and customers of Defendants, use the products' LTE capability to directly infringe the '991 Patent.

18. Defendants' LTE Products, and in particular features of their built-in protocol for making uplink bandwidth requests, constitute at least a material component of the invention claimed in the '991 Patent in that the products define customer premises equipment programmed to perform a method for obtaining uplink transmission bandwidth as claimed in the '991 Patent. This functionality in Defendants' LTE Products has no substantial non-infringing use and is not a staple article of commerce.

19. Defendants had actual knowledge, or have been and remained willfully blind, to the fact that their LTE Products are especially made or adapted for use in infringing the '991 Patent. Before filing this complaint, Plaintiffs informed Defendants that their LTE Products were especially made or adapted for use in infringing the '991 Patent.

20. Defendants have induced infringement of the '991 Patent, directly or through intermediaries. In their literature and marketing materials, Defendants advertise the LTE capability of the LTE Products and encourage or instruct users to use that capability. Examples of such literature and marketing material include without limitation

http://us.blackberry.com/smartphones/blackberry-z10/specifications.html

http://us.blackberry.com/smartphones/blackberry-z10/overview.html?IID=us:bb:desktop:homepage:Apr2013:hero:bb10-discovermore

http://us.blackberry.com/smartphones/blackberry-z10/buy.html, which provides links to the following:

http://www.verizonwireless.com/wcms/consumer/devices/blackberry-z10.html (stating, among other things, "Your Blackberry Z10 Deserves America's Largest LTE Network")

http://explore.t-mobile.com/blackberry-10-Z (stating, among other things, "T-Mobile's new 4G LTE BlackBerry Z10® is . . .")

Blackberry Z10 Smartphone Safety and Product Information Guides

Blackberry Z10 Smartphone User Guide

21. Defendants know and have known their acts induce infringement of the '991 Patent. Prior to the filing of this complaint, Defendants knew or were willfully blind that use of the LTE Products on LTE networks results in direct infringement of the '991 Patent, and Defendants knew or were willfully blind that they were encouraging users to use the LTE Products on LTE networks as claimed in the '991 Patent. Despite this knowledge, Defendants have continued to encourage users to use the LTE Products on LTE networks and continued to make,

use, sell, offer for sale, and import the LTE Products. Upon information and belief, Defendants have and had the specific intent to induce infringement of the '991 Patent.

22. Upon information and belief, Defendants have infringed the '991 Patent, directly and indirectly (by way of inducement or contributory infringement), through their conduct relating to making, using, importing, selling and/or offering for sale LTE Products.

23. Plaintiffs have provided notice pursuant to and in satisfaction of 35 U.S.C. § 287.

24. Plaintiffs have been and continue to be irreparably harmed and monetarily harmed by Defendants' infringement of the '991 Patent. If Defendants' infringement is not enjoined, Plaintiffs will continue to be irreparably and monetarily harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A. A judgment that Defendants have infringed the '991 patent;

B. A judgment and order requiring Defendants to pay all appropriate damages under 35 U.S.C. § 284;

C. A judgment and order requiring Defendants to pay the costs of this action, including all disbursements, and attorney fees, if this case is exceptional as provided by 35 U.S.C. § 285; and

      D.      Both preliminary and permanent injunctions against Defendants and their officers, agents, employees, attorneys, and all persons in active concert or participation with them, prohibiting infringement of the '991 Patent; and

      E.      Such other and further relief that this Court may deem just and equitable.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of all issues so triable.

Dated: May 8, 2013               **Wi-LAN USA, Inc., and**
                                 **Wi-LAN Inc.**

                                 Attorneys for Plaintiffs,

                                 CARLSON & LEWITTES, P.A.

                                 s/ Curtis Carlson
                                 Curtis Carlson (FlaBarNo. 236640)
                                 One Southeast Third Avenue, Suite 1200
                                 Miami, FL 33131
                                 Phone: (305) 372-9700
                                 Fax: (305) 372-8265